# NOTES OF CAUSES

Decided during the period comprised in this
Volume, and not reported in full.

---

No. 1574. State *v.* Jenkins. April Term, 1884. Defendant was indicted for cow-stealing. The prosecutor missed his cow one morning. Following its tracks, he found it seven miles distant at the ferry opposite the town of Beaufort, in the possession of defendant, who was then butchering it. Prosecutor claimed it as his property. The defendant said he had bought it from a man, whose name was unknown ; but if the cow belonged to the prosecutor, the defendant would pay for it. There was other evidence in the case that defendant's mother had agreed the day before to buy a cow from one F.; that on this morning, F. had come to town and reported the cow at the ferry, and that she had then sent her son, the defendant, across the river to butcher the cow. In argument, the defendant's counsel stated that such transactions as this might be careless, but there seemed to be no remedy.

In charging the jury, Judge Pressley said : "Is that the way an honest man would act ?  *  *  *  Do honest people act so ?" And again : "If that is the way business is done in Beaufort, then the sooner its morals be corrected, the better. The counsel suggests there is no remedy for this kind of business. I know a remedy, and a very good one; it is the verdict of the jury rendered in such cases—that is a legal and proper remedy." Defendant was convicted. *Held*, on appeal, that the natural and almost inevitable effect of this language was to influence the jury in reaching a conclusion by conveying to them the impressions which the testimony left upon the mind of the judge ; and, therefore, that the Circuit judge transcended the limits prescribed for him by article IV., § 26, of the constitution.

The judge's charge was not given in the case, and the parts complained of were stated only in the exceptions. To the service

of exceptions, accepted by the solicitor, he added : "And I agree to this as a correct statement as corrected by the judge." The court say : "We take this occasion to say that the practice adopted in this case of incorporating in the exceptions *only* such portions of the judge's charge as it is desired to review is not a safe one for the appellant, and should be avoided. For unless it appears in the 'Case,' or otherwise than in the exceptions merely, that the judge charged, or refused to charge, the points excepted to, we cannot assume that any such points were in fact charged or refused. * * * In this case, the language of the acceptance of service of the exceptions affords the evidence that the judge did charge as is therein imputed to him. We have, therefore, felt at liberty to consider the exceptions in this case, which otherwise we could not properly have done."

Judgment reversed. Opinion by Mr. Justice McIver, June 16, 1884. *W. J. Verdier*, for appellant. *F. H. Gantt*, solicitor, contra.